*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 08b0012n.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: ALGA SUE HENSON,<br><br>              Debtor.<br>_____<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>d/b/a AMERICA'S WHOLESALE LENDER,<br><br>              Appellant,<br><br>       v.<br><br>JAMES W. GARDNER, Chapter 7 Trustee<br>for the Bankruptcy Estate of Alga Sue Henson,<br><br>              Appellee.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 07-8025<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, at Lexington.
No. 06-50204; Adversary No. 07-05004.

Argued: November 14, 2007

Decided and Filed: July 9, 2008

Before: AUG, GREGG, and WHIPPLE, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ARGUED:** John P. Brice II, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellant. James W. Gardner, HENRY, WATZ, GARDNER & SELLARS, Lexington, Kentucky, for Appellee. **ON BRIEF:** John P. Brice II, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellant. James W. Gardner, HENRY, WATZ, GARDNER & SELLARS, Lexington, Kentucky, for Appellee.

## OPINION

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge. Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender ("Countrywide") appeals the bankruptcy court's judgment granting the Trustee's[1] motion for summary judgment, avoiding the mortgage of Countrywide and preserving same for the benefit of the Debtor's estate. The bankruptcy court's decision was based on its determination that Countrywide's mortgage did not provide constructive notice to subsequent purchasers or creditors because the mortgagor's signature was not properly acknowledged under Kentucky law. Therefore, the mortgage is subject to avoidance by the Trustee. The court further held that the amendment to Kentucky Revised Statute § 382.270 which became effective July 12, 2006, did not affect the Trustee's ability to avoid the mortgage.

### I. ISSUES ON APPEAL

This appeal raises the following issues:

1. Does the language of the mortgage's certificate of acknowledgment substantially comply with Kentucky Revised Statutes Chapter 423 so that the Trustee had constructive notice of the mortgage?

2. If not, does amended Kentucky Revised Statute § 382.270 apply retroactively such that the certificate of acknowledgment provided constructive notice to the Trustee?

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals

---

[1] The adversary action in this appeal was originally filed by Beverly Burden, Chapter 13 Trustee for the Bankruptcy Estate of Alga Sue Henson. When the Debtor's bankruptcy case was converted from chapter 13 to chapter 7, Countrywide and Ms. Burden filed a Joint Motion to Substitute Party. By order entered January 9, 2008, the Panel granted the motion, and James W. Gardner, Chapter 7 Trustee for the Bankruptcy Estate of Alga Sue Henson, herein "Trustee," was substituted as the Appellee in this appeal.

to the BAP. The order on appeal is final and may be appealed as of right. 28 U.S.C. § 158(a)(1). None of the parties have timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(c)(1).

A bankruptcy court's grant of summary judgment is reviewed de novo. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

### III. FACTS

The following facts are undisputed. On January 14, 2005, Alga Sue Henson ("Debtor") purchased certain real estate located in Lexington, Kentucky, with a loan from Countrywide in the principal amount of $97,308.00, plus interest at the rate of 6.75% per annum. The loan was secured by a mortgage on the real estate. The mortgage, along with the deed to the property, was recorded in the Fayette County Clerk's office in Mortgage Book 5173, Page 206. The certificate of acknowledgment on the mortgage reads as follows:

> STATE OF KENTUCKY,                                  County ss: *Fayette*
>
> The foregoing instrument was acknowledged before me this
> by
>
> known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she (they) executed the same for the purposes therein contained.
>
> My Commission Expires: *3/6/06*                    *Andrea L. Keith*
>                                                     Notary Public

(J.A. at 18.)

On March 14, 2006, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. The real property at issue was sold pursuant to an agreed order entered on June 12, 2006. After distribution of the Debtor's homestead exemption, the Trustee holds the net proceeds from the sale in the sum of $97,097.75 pending resolution of this matter.

On January 9, 2007, the Trustee initiated an adversary proceeding seeking to avoid Countrywide's mortgage and preserve it for the benefit of the bankruptcy estate. The Trustee asserted that the certificate of acknowledgment in the mortgage is defective and therefore, did not provide constructive notice to the Trustee rendering the mortgage unperfected. The Trustee and Countrywide filed cross-motions for summary judgment. Countrywide asserted that the mortgage provided the Trustee with constructive notice, and if it did not, then the 2006 amendment to Kentucky Revised Statute § 382.270, effective after the date the mortgage at issue was recorded, could be applied retroactively to provide constructive notice to the Trustee. As amended, Kentucky Revised Statute § 382.270 states that even if a notary clause is defective, a recorded mortgage provides constructive notice.

On April 17, 2007, the bankruptcy court issued a memorandum opinion and order granting the Trustee's motion for summary judgment, overruling Countrywide's motion for summary judgment, thereby avoiding the mortgage and preserving it for the benefit of the bankruptcy estate. Relying on the decision of the Court of Appeals for the Sixth Circuit in *Rogan v. Am.'s Wholesale Lender (In re Vance)*, 99 F. App'x 25, 2004 WL 771484 (6th Cir. 2004), the bankruptcy court determined that the certificate of acknowledgment does not contain the identity of the Debtor as the person who acknowledged the mortgage nor the date. Therefore, the mortgage was defective and did not provide the Trustee with constructive notice. Further, based on prior decisions of the bankruptcy court, it found that Kentucky Revised Statute § 382.270 cannot be applied retroactively to provide the Trustee with constructive notice.

This timely appeal followed.

## IV. DISCUSSION

A. Countrywide's Mortgage Did Not Provide Constructive Notice to the Trustee.

Upon the commencement of a bankruptcy case, the trustee succeeds to the rights of a debtor's creditors, judicial lien holders and bona fide purchasers of real property whether or not any such entities exist at that time. 11 U.S.C. §544(a); *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001). The trustee is empowered to avoid any transfer or transaction that would be voidable by such an entity to preserve the assets for the benefit of the bankruptcy estate

without regard to whether the trustee has actual knowledge of that prior transaction. *Id.* at 1027. Who may qualify as a bona fide purchaser of real property is determined under state law. *Owens-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir. 1993). Therefore, the trustee's power as a hypothetical bona fide purchaser of real property is subject to constructive notice to the same extent as an actual purchaser under applicable state law. *Id.*

In Kentucky, a bona fide purchaser of real property is put on constructive notice of a prior interest in the property by the presence of a recorded deed or mortgage, "acknowledged . . . according to law." Ky. Rev. Stat. § 382.270. When the Debtor filed her bankruptcy petition, the applicable notice statute provided:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

Ky. Rev. Stat. § 382.270 (1962).

The mortgage here was "lodged for record." The dispute is whether it was adequately "acknowledged . . . according to law" to place a subsequent bona fide purchaser on constructive notice. This is because, as noted in the Sixth Circuit's *Vance* opinion, Kentucky cases have consistently held that recorded but defectively acknowledged mortgages fail to provide constructive notice of a mortgage. *In re Vance*, 99 F. App'x at 27; *see also State Street Bank & Trust Co. v. Heck's Inc.*, 963 S.W.2d 626 (Ky. 1998).

In *State Street Bank and Trust Co.*, the Kentucky Supreme Court faced the issue of "whether a valid, recorded second mortgage, acquired with actual notice of the existence of a prior equitable mortgage, takes priority over the equitable mortgage." *State Street Bank & Trust Co.*, 963 S.W.2d at 627. The court held that the second mortgage did not have priority because it was acquired with actual notice of the prior, improperly executed mortgage. The prior mortgage was improperly executed because the signatures of the parties to be charged were not adequately subscribed at the end of the mortgage as required by the Kentucky statute. The court determined that the second

mortgage holder had actual notice of the prior mortgage because its own loan documents referenced the prior interest. The second mortgage holder also had constructive notice of a subordination agreement by which its mortgagors subordinated their interest in the property to the interest of the first mortgage holder, which the court found sufficient to put the second mortgage holder on inquiry notice of the first mortgage holder's equitable interest. *Id.* at 630. The court construed the "without notice" language of Kentucky Revised Statute § 382.270 to include actual, inquiry, and constructive notice. It concluded that, "although the recording of the [prior, improperly executed] mortgage did not give *constructive* notice of its existence to a subsequent purchaser or creditor, it retained priority over one whose interest was acquired with *actual* or *inquiry* notice of its existence." *Id.* at 630 (emphasis in original).

In *Vance*, the question was whether a defectively acknowledged but recorded mortgage could provide actual or inquiry notice to a bankruptcy trustee in the position of a subsequent purchaser for value. The certificate of acknowledgment in *Vance* failed to include the name of the county where the acknowledgment was taken, the date of the acknowledgment and the names or identity of those who signed the mortgage. On appeal, the district court agreed with the bankruptcy court that the mortgage was not properly acknowledged pursuant to Kentucky Revised Statute § 423.130 but, because it was recorded, the district court determined that the mortgage gave actual or inquiry notice under Kentucky law and reversed the bankruptcy court's decision. *In re Vance*, 99 F. App'x at 26-27.

The *Vance* trustee appealed. Although the creditor did not file a cross appeal regarding the defective certificate of acknowledgment, the court of appeals chose to address the issue. *In re Vance*, 99 F. App'x at 27. After observing that the certificate of acknowledgment failed to include the name of the county where the acknowledgment was taken, the date of the acknowledgment, and the names or identity of those who signed the mortgage, the Sixth Circuit quoted the language of Kentucky Revised Statute § 423.130 which is titled, "Certificate of person taking acknowledgment":

> The person taking an acknowledgment shall certify that:
>
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and

> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

*In re Vance*, 99 F. App'x at 27.

The Sixth Circuit then stated, "[t]he notary failed to include this [§ 423.130] information in the certification. Therefore the district court was correct in finding that the acknowledgment failed to comport with Kentucky law." *Id.* The court turned to Kentucky Revised Statute § 382.270, and also agreed with the other courts that the defectively acknowledged mortgage would not operate to give constructive notice to subsequent purchasers or creditors. It distinguished a trustee from other creditors and purchasers, such as those in the *State Street Bank and Trust Co.* case, noting that 11 U.S.C. § 544(a)(3) expressly "precludes the trustee from having actual notice and/or knowledge." The Sixth Circuit held that a bankruptcy trustee can only be charged with constructive notice. *Id.* at 28. Accordingly, the decision of the district court, charging the trustee with inquiry notice, was reversed. *Id.*

In a published opinion decided the same year as *Vance*, the Court of Appeals for the Sixth Circuit likewise held that a Tennessee acknowledgment clause on a deed of trust was invalid as against a chapter 7 trustee because the names of the debtors were omitted. *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004).

> In this instance, the integrity of the acknowledgment is placed into doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners.

*Id.* at 519.

Since the *Vance* and *Biggs* opinions were issued, Kentucky Revised Statute § 423.130, which is part of Kentucky's Uniform Recognition of Acknowledgments Act, has been interpreted in numerous decisions by the bankruptcy court for the Eastern District of Kentucky to require that the name or identity of the person acknowledging the instrument be included in the certificate of acknowledgment. *See, e.g., Gardner v. Chase Home Fin. (In re Patton)*, 2006 WL 3877755, *2 (Bankr. E.D. Ky. 2006); *Miller v. Raisor (In re Raisor)*, 2006 WL 3885132, *2 (Bankr. E.D. Ky.

2006); *Schlarman v. Suntrust Mortgage, Inc. (In re Helvey)*, 2006 WL 3877754, *2 (Bankr. E.D. Ky. 2006); *Baker v. CIT Group/Consumer Fin., Inc. (In re Hastings)*, 353 B.R. 513, 516-17 (Bankr. E.D. Ky. 2006) (the information required by Kentucky Revised Statute § 423.130 includes identifying the debtors); *see also Dunlap v. Commonwealth Cmty. Bank (In re Phelps)*, 341 B.R. 848, 852-53 (Bankr. W.D. Ky. 2006).

Nevertheless, Countrywide contends that the identification of the person acknowledging the instrument in the notary's certificate of acknowledgment is unnecessary for the acknowledged mortgage to provide constructive notice. Indeed, Countrywide argues that Kentucky Revised Statute § 423.130 does not expressly require this information and the contrary interpretation fails to give effect to the legislative intent behind the statute to provide notice of the mortgage. Rather, as argued by Countrywide, the Kentucky acknowledgment and recording statutes require only substantial compliance with their terms and are to be read together. Countrywide also asserts that the Kentucky statutes, when read together, give the notary an option not to name the person acknowledging the instrument when the person named in the instrument and acknowledging the instrument are the same. In support of this argument, Countrywide cites the following Kentucky statutes:

### 423.140 Recognition of certificate of acknowledgment.

The form of a certificate of acknowledgment used by a person whose authority [to certify acknowledgments] is recognized under KRS 423.110 shall be accepted in this state if:

(1) The certificate is in a form prescribed by the laws or regulations of this state;

(2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or

(3) The certificate contains the words "acknowledged before me," or their substantial equivalent.

### 423.150 Certificate of acknowledgment

The words "acknowledged before me" mean:

(1) That the person acknowledging appeared before the person taking the acknowledgment;

(2) That he acknowledged he executed the instrument;

(3) That, in the case of:

   (a) A natural person, he executed the instrument for the purposes therein stated;
   ... and

(4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

According to Countrywide, the significance of these statutes is that Kentucky has no proscribed form for a certificate of acknowledgment and such a certificate must be accepted in Kentucky if it simply contains the language, "acknowledged before me," as does the certificate in this case. Further, Countrywide argues that if the certificate contains that language, § 423.150 establishes a "safe harbor" in subsection (4) which excuses the notary from naming the person acknowledging the instrument if that person is named in the instrument. Essentially, Countrywide argues that the phrase, "acknowledged before me," satisfies as a matter of law the § 423.130 requirement that the notary "shall certify" that the person acknowledging the instrument appeared before the notary, acknowledged that he executed the document and was known to the notary to be the person described in and who executed the instrument.

While Countrywide is correct that the acknowledgment statutes should be read together, such a reading must include § 423.130. Section 423.130, cited by *Vance* and its progeny, is authority for the requirement that a certificate of acknowledgment name or identify the person acknowledging the instrument in order to adequately provide constructive notice. Under Countrywide's argument, the pertinent statutes, ignoring § 423.130, would be read together and § 423.150 would supercede § 423.130. Section 423.150 was enacted in 1970 contemporaneously with § 423.130. It has never been interpreted to negate the requirements of § 423.130. Such an interpretation of § 423.150 makes § 423.130 superfluous and undermines the *Vance* court's determination that § 423.130 was not satisfied when the names or identities of those acknowledging the instrument were omitted from the certificate of acknowledgment. *See In re Phelps*, 341 B. R. at 852-53; *In re Hastings*, 353 B.R. at 516-17.

In this case, the name or identity of the person acknowledging the mortgage was omitted from the notary's certificate of acknowledgment. Under the Kentucky acknowledgment and notice statutes as interpreted in the above cited precedential cases, the certificate of acknowledgment is defective. Accordingly, even though the mortgage was recorded, it failed to provide constructive notice to a subsequent creditor, bona fide purchaser or bankruptcy trustee. Absent constructive notice, the trustee may avoid the mortgage for the benefit of the Debtor's bankruptcy estate. The

bankruptcy court's summary judgment in favor of the Trustee on the basis that the acknowledgment is defective is affirmed.

    B.    <u>The 2006 Amendments to Kentucky Revised Statute § 382.270 Cannot Be Applied Retroactively</u>.

Turning next to the issue of whether the 2006 amendments to Kentucky Revised Statute § 328.270 may be applied to immunize this mortgage, Countrywide argues that the amendments are remedial and merely clarify existing law and govern here. The Trustee contends that such an interpretation would strip him of previously vested property rights.

The Debtor's bankruptcy petition was filed on March 14, 2006. The amendment to the Kentucky statute did not become effective until July 12, 2006. The BAP has already decided the issue of whether the retroactive application of Kentucky Revised Statute § 382.270 against a bankruptcy trustee is proper when a debtor's petition was filed prior to the effective date of the amendment to the statute. In *Select Portfolio Servs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 526 (B.A.P. 6th Cir. 2007), the BAP stated:

> The Supremacy Clause of the United States Constitution precludes retroactive application of § 382.270. The Debtor filed his bankruptcy petition before the effective date of the amended statute. Under federal law, a trustee's rights as a bona fide purchaser are fixed as of commencement of the bankruptcy case. *See* 11 U.S.C. § 544(a)(3). Amended § 382.270 may not be applied retroactively in this case as such application would be in conflict with the federal bankruptcy statute. *In re Hastings*, 353 B.R. at 520; *cf. United States v. Craft*, 535 U.S. 274, 288-89, 122 S. Ct. 1414, 1426, 152 L. Ed. 2d 437 (2002) (applying the Supremacy Clause and concluding that debtor's interest in entireties property constituted "property" or "rights to property" under the federal tax lien statute, notwithstanding the fact that such property was not subject to levy under state law).

*In re Trujillo*, 378 B.R. at 537.

For the reasons explained in *Trujillo*, § 382.270 may not be applied retroactively to divest the Trustee of his vested rights as a bona fide purchaser. This conclusion is consistent with Kentucky case law providing that a statutory amendment should only be applied retroactively if the statute in question serves to facilitate a remedy and *if no vested rights are impaired. See In re*

*Trujillo*, 378 B.R. at 538 (quoting *Ky. Ins. Guar. Ass'n v. Jeffers*, 13 S.W.3d 606, 610 (Ky. 2000) (emphasis added)).

The Trustee's rights in this appeal vested at the time the petition was filed, March 14, 2006. Therefore, the bankruptcy court's conclusion that the 2006 amendments to Kentucky Revised Statute § 382.270 may not be applied to protect the mortgage in this case is affirmed.

## V. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.